## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

MARGIE M. RENFRO,                    )
CHRISTOPHER RENFRO,                  )
                                     )
    **Plaintiffs,**                  )
                                     )    **Case No. CIV-23-336-JFH-GLJ**
                                     )
DELBER JOSEPH JENNINGS,              )
KIMBERLY JENNINGS, SARAH             )
HARPER, RUSTY HARPER,                )
PATRICIA COVERINGTON, and            )
DOES 1-10,                           )
                                     )
    **Defendants,**                  )
                                     )

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Motions to Dismiss. *See* Docket Nos. 22 & 35. Plaintiffs bring this case based on allegations of elder abuse or neglect and financial exploitation of Arnie Bell Jennings who is deceased. *See* Docket No. 2. On March 14, 2024, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See* Docket No. 10. For the reasons stated below, Defendants' Motions to Dismiss [Docket Nos. 22 & 35] should be GRANTED.

### Procedural Background

On October 4, 2023, Plaintiffs Margie M. Renfro, Christopher Renfro on behalf of themselves and Arnie Bell Jennings, deceased, filed the complaint in this matter. While it is difficult to discern the precise claims being asserted, the Complaint sets forth various

allegations regarding mistreatment of Arnie Bell Jennings before her passing by certain relatives who reside in Oklahoma.  In general, the Complaint alleges that Ms. Jennings and her husband started and operated a business and owned various income producing properties in California where they resided. *Id*., "Statement of the Claim."  At some point after the apparent passing of Ms. Jennings' husband, the children of Ms. Jennings' only son and other relatives convinced her to move to Oklahoma where they all reside.  *Id*.  After Ms. Jennings moved to Oklahoma, the Defendants, either individually or collectively, through various means allegedly bilked Ms. Jennings out of her life savings of $300,000, her home in Sallisaw, Oklahoma, valued at $80,000, and her monthly social security benefits.  *Id*.  The Complaint further alleges that the Oklahoma relatives isolated Ms. Jennings from her daughter, Plaintiff Margie Renfro, and grandson, Plaintiff Christopher Renfro, by limiting their contact and ability to communicate with Ms. Jennings.  *Id*.  Lastly, the Complaint alleges that the Oklahoma relatives abused or neglected Ms. Jennings through either withholding medications or overdosing her medications, which caused or contributed to her cognitive decline.  *Id*.

Ms. Jennings passed on October 7, 2021.  Around that time, Defendant Kimberly Jennings allegedly represented to certain banks that she possessed a power of attorney on Ms. Jennings behalf.  *Id*.  Although not in the Complaint, on or around November 18, 2021, Kimberly Jennings presented a Petition for Probate of Will, Appointment of Personal Representative, Determination of Heirs-At-Law, Devisees and Legatees to the District Court in Sequoyah County, Oklahoma, Case No. PB-2021-77 ("Probate Proceeding").  *See*

Docket No. 22, Ex. A.[1]  In the Probate Proceeding, Kimberly Jennings represented that Ms. Jennings left a will dated September 8, 2017 and First Codicil to Will dated May 30, 2018.  *Id*.  Kimberly Jennings is named as personal representative of Ms. Jennings' estate in the will.  *Id*.  Further, attached to Defendants' Motion to Dismiss is a Reply to Opposition to the Petition for Letters of Special Administration and Appointment of Co-Special Administrator filed by Plaintiffs Margie Renfro and Christoper Renfro pro se.  *See* Docket No. 22, Ex. D.  Although difficult to discern because the initial pleading is not included, it appears that Margie Renfro and Christopher Renfro sought the appointment of a co-special administrator because of alleged conduct by Kimberly Jennings that could constitute mistreatment or neglect and financial exploitation of Ms. Jennings before her  death.  *Id*.  The disposition of this motion is not set forth in the pleadings.

On June 12, 2024, the undersigned Magistrate Judge conducted a scheduling conference in this matter.  *See* Docket No. 44.  Except for Ms. Jennings' estate, all parties appeared at the scheduling conference and represented themselves pro se.  *Id*.  On June 13, 2024, the undersigned Magistrate Judge entered an Order directing Plaintiffs "that a licensed attorney must enter an appearance on behalf of the estate of Arnie Bell Jennings, deceased, on or before Friday, July 12, 2024, otherwise the estate will be dismissed as a party to this action without prejudice."  *See* Docket No. 46.  On July 17, 2024, Ms. Jennings' estate was dismissed without prejudice because a licensed attorney had not entered an appearance on its behalf.  *See* Docket No. 51.

---

[1] Although not contained in the Complaint, the undersigned Magistrate Judge includes these facts here for purposes of background and the ongoing Probate Proceeding.

On May 7, 2024, Defendants Kimberly Jennings, Sarah Harper, Rusty Harper, and Patricia Covington, each representing themselves pro se, filed a Motion to Dismiss. *See* Docket No. 22. Subsequently, on June 6, 2024, Defendant Delbert Joseph Jennings representing himself pro se filed a motion to dismiss, joining in the Motion to Dismiss filed by the other individually named Defendants for the same reasons. *See* Docket No. 35. In their motions, Defendants argue that the matters alleged in the Complaint are currently at issue in the Probate Proceeding and that the actual amount in controversy is less than the jurisdictionally required $75,000. *See* Docket Nos. 22 & 35.

## Analysis

### I.    Subject Matter Jurisdiction

Defendants argue that this Court lacks subject matter jurisdiction over this matter because there is an insufficient amount in controversy due to the actual value of Ms. Jennings' estate being less than $75,000. Thus, although not specifically stated as such, the undersigned Magistrate Judge interprets Defendants as moving to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[2]

Federal district courts are courts of limited jurisdiction and a court, *sua sponte*, or a party may challenge subject matter jurisdiction at any stage of the proceedings. *See Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). District courts have

___

[2] *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a pro se litigant's pleadings); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a pro se party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers.").

subject matter jurisdiction only as provided in 28 U.S.C. § 1331 (federal law claims) and § 1332 (diversity of citizenship).  Plaintiffs here invoke subject matter jurisdiction under diversity of citizenship under 28 U.S.C. § 1332.  *See* Docket No. 2.  In diversity, the Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss for lack of subject matter jurisdiction.[3]  "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  "In reviewing a facial attack, the district court must accept the allegations in the complaint as true."  *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir.2001).  "In reviewing a factual attack, a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'"  *Id*. (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).  "In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion."  *Stuart*, 271 F.3d at 1225.

---

[3] Where, as here, defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), "the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Mounkes v. Conklin*, 922 F.Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Defendants appear to make a factual attack as they challenge the alleged amount in controversy and attach a certified copy of a personal property inventory from the Probate Proceeding showing the personal property in Ms. Jennings's estate is only valued at approximately $620.  *See* Docket No. 22, Ex. C.  Defendants then claim that the Complaint's assertion of the jurisdictional amount in controversy is "completely fictional and not claimed in good faith."  *Id*., p. 2.  In doing so, however, Defendants ignore that Plaintiffs' claims are premised on their allegations that Ms. Jennings assets and real property were worth approximately $380,000 before being improperly siphoned off by the Defendants.  Thus, the fact that Ms. Jennings' Estate now has only a nominal value is not the determinative issue, but instead the Court looks to the amount that Plaintiffs allege Defendants improperly took from Ms. Jennings, which is well above the jurisdictional threshold.

Moreover, "[t]he rule governing dismissal for want of jurisdiction in federal court is that, unless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000). *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (emphasis added; footnotes omitted), superseded by statute on other grounds; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting *St. Paul Mercury and Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 276 (1977).  "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Adams*, 225 F.3d at 1183.  "The burden is on the party asserting jurisdiction to show it is not a legal certainty that the claim is less than

the jurisdictional amount." *Id.*  The Tenth Circuit has explained that "it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied" and "[t]here is a strong presumption favoring the amount alleged by the plaintiff." *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003).  "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Woodmen*, 342 F.3d at 1217.  No such obvious abuse of federal court jurisdiction is present here. Plaintiffs allege that Ms. Jennings estate had a value well above $75,000 prior to the Defendants' actions and, thus, it cannot be said to a legal certainty that the claim is less than the jurisdictional amount.

Although lack of diversity is not raised by Defendants, when the Complaint was filed Ms. Jennings' estate was included as a Plaintiff.  It is not clear in what capacity Margie and Christopher Renfro were acting when they included Ms. Jennings' estate as a Plaintiff, given that Ms. Jennings' will appointed Kimberly Jennings as her estate's administrator. Ms. Jennings was a resident of Oklahoma at the time of her death.  *See* Docket Nos. 2 & 22, Ex. A.  For diversity purposes, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2); *Chaballa v. SP Healthcare Mgt. LLC*, 2022 WL 4002658, at *1 (W.D. Okla. Sept. 1, 2022). Under the "time-of-filing" rule, diversity of citizenship is determined at the time the complaint is filed.  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015)

("[I]t is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint."). Federal Rule of Civil Procedure 21, however, provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" and "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (citation omitted); *Ravenswood Inv. Co., L.P. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) ("A district court can dismiss a dispensable nondiverse party pursuant to Rule 21 to cure a jurisdictional defect at any point in the litigation, including after judgment has [been] entered.") (citations omitted)).

Under the time-of-filing rule, there was not complete diversity of citizenship of the parties at the time the Complaint was filed. At the time of her death, Ms. Jennings was a citizen of the State of Oklahoma and thus, her estate was an Oklahoma citizen when the Complaint was filed. As noted above, however, on July 17, 2024, Ms. Jennings' estate was dismissed from this case. Thus, there is now complete diversity of citizenship among the parties and this Court has subject matter jurisdiction.

## II.    Ms. Jennings' Probate Proceeding

Defendants also argue that the Complaint should be dismissed because all the allegations in this case are "currently before the State Judge" in the Probate Proceeding. *See* Docket No. 22, p. 1. Based on the Complaint and limited information in the Motions to Dismiss, however, the undersigned Magistrate Judges does not have sufficient information to assess Defendants' argument on this point. Although Defendants assert that

all of Plaintiffs' allegations are before the Judge in the Probate Proceeding, there is no evidence of such fact before the Court. For example, Defendants attached certified copies of a few pleadings from the Probate Proceeding, but none set forth what allegations Margie Renfro and Christopher Renfro have made in the Probate Proceeding. At most, Defendants include the Reply to Opposition to the Petition for Letters of Special Administration and Appointment of Co-Special Administrators to their Motion. *See* Docket No. 22, Ex. D. Not only is it difficult to assess what claims may have been raised in the original pleading to which this document is replying, but the Reply appears to focus primarily on allegations against Kimberly Jennings. Additionally, although Plaintiffs concede "the torts were brought up at Probate hearings," *see* Docket No. 23, p. 5, it is unclear how such issues were broached and what, if any, consideration they received or are receiving. Moreover, the undersigned Magistrate Judge will not search, as would be required here, the pleadings in the Probate Proceeding to construct an argument on Defendants' behalf. *See Tate v. Statco Engineering and Fabricators, Inc.*, 2013 WL 6185476, n. 4 (E.D. Okla. Nov. 25, 2013); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting court cannot search record for facts to create an argument for a pro se litigant); *Murphy v. City of Tulsa*, 295 F. Supp. 3d 1221, 1230 (N.D. Okla. 2018) ("The court will not 'search[ ] through the record on plaintiff's behalf . . . to compile the relevant facts.") (quoting *Stallings v. Werner Enterps., Inc.*, 598 F. Supp. 2d 1203, 1210 (D. Kan. 2009)).[4]

---

[4] Although courts must liberally construe a pro se litigant's pleadings, *Green*, 969 F.2d at 917, "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also U.S. v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977) ("The hazards which beset a

## III.    Failure to State a Claim

Lastly, Defendants appear to vaguely argue that the Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6) by alleging Plaintiffs' claims are based on "unsupported allegations." *See* Docket No. 22, p. 1.  Indeed, Plaintiffs' Opposition to Motion to Dismiss specifically addresses the motion under the Rule 12(b)(6) standard.  *See* Docket No. 23, p. 3.

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

layman when he seeks to represent himself are obvious.  He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket.") (citing *Garrison v. Lacey*, 362 F.2d 798 (10th Cir. 1966), *cert. denied*, 387 U.S. 911 (1967)).

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-557, 570 (internal quotation marks omitted)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although "the 12(b)(6) standard does not require that Plaintiff[s] establish a prima facie case in [their] complaint, the elements of each alleged cause of action help to determine whether Plaintiff[s] ha[ve] set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

The Complaint fails to comply with the pleading requirements of Rule 8 because Plaintiffs fail to allege, clearly and concisely, what specific claims for relief they are asserting against each named Defendant and they fail to identify the specific factual allegations that support each asserted claim or theory. Although Plaintiffs set forth some factual allegations of potential conduct by some Defendants, they fail to do so in a way that connects the alleged facts to any potential cause of action. For example, Plaintiffs cite to 21 O.S. §§ 644, 843.1-843.4 as supporting their claims. These statutes, however, are criminal statutes related to elder abuse and neglect. Similarly, Plaintiffs cite to 22 O.S. §§ 991a-13 – 27, which address reporting to and investigations by the Oklahoma Department of Human Services of elder abuse and neglect. As such, none of the referenced statutes appear to create a private right of action that would support any claim.

Plaintiffs also reference "Emotional Distress to All plaintiffs from false imprisonment by false pretenses", but offer no facts as to how they, as opposed to Ms. Jennings, could suffer emotional distress under any actionable claim.  Christopher Renfro never sets forth any factual allegation supporting what interest he has in Ms. Jennings' estate that would support any claim by him.  Plaintiffs' vague reference to "FRAUDED MONIES TO  descendants upon order of court through false testimony to the court", "Neglect, Omission to Act" and "undue influence" are merely labels and conclusions or a formulaic recitation that are not connected to any specific factual allegation.  *See* Docket No. 2, p. 6.  Pleading such "labels and conclusions" of a cause of action is not sufficient to state a plausible claim.  *Iqbal*, 556 U.S. at 678.  Moreover, the Complaint fails to tie the specific conduct to any specific defendant.  Instead, many of the allegations are directed only towards Kimberly Jennings or generally to "Defendants", "they" or "them."   The Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to provide <u>each</u> Defendant with "fair notice" by informing them of the actual grounds for the claim against each of them.  Fed. R. Civ. P. 8(a)(2); *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

To the extent Plaintiffs are attempting to alleged fraud, they do not allege any fraudulent conduct with the requisite particularity required by Fed. R. Civ. P. 9(b). *Matthews v. LaBarge, Inc.*, 2009 WL 3673087, at *1 n.2 (N.D. Okla. Nov. 2, 2009) ("Rule 9(b) applies to all averments of fraud. This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the

constituent elements of a fraud cause of action."). "Malice, intent, knowledge, and other conditions of a person's mind," may be alleged generally. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claim and the factual background upon which they are based[,]" and a plaintiff is required to provide the "who, what, when, where and how of the alleged claims." *Id.* (citation, quotation marks, and brackets omitted).

Lastly, the Complaint purports to name various unidentified defendants as Does 1-10 but makes no discernable allegations against any unnamed persons or sets forth why the identities of any unnamed alleged wrongdoers are not known to Plaintiffs. As a result of the above deficiencies, the Complaint lacks the necessary factual allegations and a connection of the factual allegations to any asserted claims for relief to plausibly state a claim. Therefore, the Motions to Dismiss should be granted for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## IV.    Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3

F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

Within its Complaint, Plaintiffs request leave to amend any causes of action. *See* Docket No. 2, p. 6. Plaintiffs have not previously been granted leave to amend and Defendants will not incur any apparent prejudice if leave is granted. "In balancing the competing interests at stake, courts should be mindful of the fact that the 'freely given' standard of Rule 15(a) embodies the historic principle of resolution of issues on the merits, as opposed to resolution based on mere technicalities." *Glover Const. Co., Inc. v. Mabrey*, 2010 WL 5235260, at *1 (E.D. Okla. Dec. 16, 2010); *see also Yousif v. Landers Mclarty Olathe KS, LLC*, 2013 WL 2458485, at *1, (D. Kan. June 5, 2013) (quoting *Collins v. Wal–Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007) ("In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.")). Therefore, Plaintiffs should be given leave to amend their Complaint to cure the deficiencies identified herein.

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendants' Motions to Dismiss [Docket Nos. 22 & 35] should be GRANTED without prejudice. The undersigned Magistrate Judge further RECOMMENDS that Plaintiffs be granted leave to file an amended complaint within 28 days after the adoption of this Report and Recommendation. Any objection to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections

and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 28th day of August 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**