IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARGIE M. RENFRO, <br> CHRISTOPHER RENFRO, <br><br> Plaintiffs, <br><br> v. <br><br> DELBER JOSEH JENNINGS, <br> KIMBERLY JENNINGS, SARAH <br> HARPER, RUSTY HARPER, <br> PATRICIA COVERINGTON, and <br> DOES 1-10, <br><br> Defendants, | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-23-336-JFH-GLJ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' renewed motions to dismiss as to Plaintiff's First Amended Complaint. *See* Docket Nos. 69-70, 75, 77, 79, 81, 83. Plaintiffs bring this case based on allegations of elder abuse or neglect and financial exploitation of Arnie Bell Jennings, who is deceased. Neither Plaintiff is a representative of her estate. *See* Docket Nos. 69-70. On March 14, 2024, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See* Docket No. 10. For the reasons stated below, Defendants' Motions to Dismiss [Docket Nos. 75, 77, 79, 81, & 83] should be GRANTED.

## Procedural History

Plaintiffs Margie M. Renfro and Christopher Renfro on behalf of themselves, and Arnie Bell Jennings, deceased, filed the original pro se Complaint in this matter on October 4, 2023. Docket No. 2. While it was difficult to discern the precise claims being asserted, the Complaint set forth various allegations regarding mistreatment of Arnie Bell Jennings before her passing by certain relatives who reside in Oklahoma. Docket No. 2. In general, the Complaint alleged that at some point after the apparent passing of Ms. Jennings' husband, the children of Ms. Jennings' only son and other relatives convinced her to move to Oklahoma where they all reside. *Id*. After Ms. Jennings moved to Oklahoma, the Defendants, either individually or collectively, through various means allegedly bilked Ms. Jennings out of her life savings of $300,000, her home in Sallisaw, Oklahoma, valued at $80,000, and her monthly social security benefits. *Id*.

On June 12, 2024, the undersigned Magistrate Judge conducted a scheduling conference in this matter. *See* Docket No. 44. Except for Ms. Jennings' estate, all parties appeared at the scheduling conference and represented themselves pro se. *Id*. On June 13, 2024, the undersigned Magistrate Judge entered an Order directing Plaintiffs "that a licensed attorney must enter an appearance on behalf of the estate of Arnie Bell Jennings, deceased, on or before Friday, July 12, 2024, otherwise the estate will be dismissed as a party to this action without prejudice." *See* Docket No. 46. On July 17, 2024, Ms. Jennings' estate was dismissed without prejudice because a licensed attorney had not entered an appearance on its behalf. *See* Docket No. 51.

On May 7, 2024, Defendants Kimberly Jennings, Sarah Harper, Rusty Harper, and Patricia Covington, each representing themselves pro se, filed a Motion to Dismiss. *See* Docket No. 22. Subsequently, on June 6, 2024, Defendant Delbert Joseph Jennings representing himself pro se filed a motion to dismiss, joining in the Motion to Dismiss filed by the other individually-named Defendants for the same reasons. *See* Docket No. 35. Upon review of the motions, the undersigned Magistrate Judge recommended that the Motions to Dismiss be granted, but that Plaintiffs be granted leave to file an Amended Complaint. *See* Docket No. 61. United States District Judge John F. Heil adopted and affirmed the Report and Recommendation on September 16, 2024. *See* Docket No. 66.

Plaintiffs filed their First Amended Complaint on October 16, 2024 (Docket Nos. 69-70), to which all pro se Defendants failed to respond. The undersigned Magistrate Judge held a telephonic status conference with the parties on January 16, 2025, and gave Defendants an extension of time to Answer or otherwise respond to Plaintiffs' First Amended Complaint. *See* Docket Nos. 71-74. Defendants then each timely filed a Motion to Dismiss, as well as a Motion to Supplement the Motion to Dismiss, on January 30, 3025. *See* Docket Nos. 75-84. The undersigned Magistrate Judge granted the Motions to Supplement and Defendants then requested additional time to file their Supplement, but no Defendant ever filed a Supplement with the Court. *See* Docket Nos. 85-91. In the meantime, Plaintiffs likewise failed to respond to Defendants' Motion to Dismiss, and the undersigned Magistrate Judge directed them on March 10, 2025, to show cause as to why the motions should not be deemed confessed. *See* Docket No. 93. Rather than respond to the Court's order to show cause, Plaintiffs instead filed their Response to the Motions to

Dismiss without explanation. *See* Docket No. 94. Given the Court's preference for resolving cases on their merits, as well as the liberal construction afforded pro se parties, the undersigned Magistrate Judge proceeds to address the merits of the motions before the Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a pro se litigant's pleadings); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a pro se party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers.").

### Amended Complaint Allegations (Docket No. 69)

Ms. Jennings passed away in 2021. Ms. Jennings had a 2008 will that designated Plaintiff Margie Renfro as executor of her estate. In 2014, Ms. Jennings moved to Oklahoma. After her death, Plaintiffs discovered Defendant Rusty Harper had a joint bank account with Ms. Jennings, and further discovered she had late-stage dementia. Plaintiffs believe "they" drugged Ms. Jennings, took her money and/or made her withdraw it from her account. Additionally, Plaintiffs allege Defendant Kimberly Jennings coerced Ms. Jennings into signing over her house. Plaintiffs believe Ms. Jennings wanted to return to California, but that Defendants prevented her from doing so and drained her estate. Docket No. 69, pp. 2-4, ¶¶ 8-14.

In this diversity case, Plaintiffs allege Oklahoma state law violations of: (i) financial abuse as to all named Defendants (and Does 1-10); (ii) false imprisonment as to all Defendants; (iii) grand larceny as to Kimberly Jennings; (iv) conversion as to all Defendants (including Does 1-10); and (v) fraud as to all Defendants (including Does 1-10). *Id.*, pp. 8-13. **Kimberly Jennings** was married to Delbert Jennings, deceased, who

was Ms. Jennings's son.  Kimberly Jennings is also mother to **Delbert Jennings, Jr., Patricia Covington**, and **Sarah Harper,** who is married to husband **Rusty Harper**.  Plaintiff **Marjorie Renfro** was Ms. Jennings's daughter and sister to Delbert Jennings (Sr.), and is mother to Plaintiff **Christopher Renfro**.  All parties in this case continue to proceed pro se, although Defendants acknowledge they consulted with the attorney for the estate in the probate case in preparing their Motions to Dismiss.  Rusty Harper contends the First Amended Complaint should be dismissed:  (a) because these allegations are the subject of the related probate case in Sequoyah County, PB-2021-77 which is not yet closed, and which reflects an estate value of less than $75,000.00,[1] (b) because Plaintiffs' allegations fail to meet the requirements of Fed. R. Civ. P. 8(a), as well as the particularity requirements of Rule 9(b), (c) as Plaintiffs fail to state a claim upon which relief can be granted,[2] and (d) by incorporating all arguments from the previous motion to dismiss.  *See* Docket No. 75.  Delbert Jennings, Jr., Patricia Covington, Kimberly Jennings, and Sarah Harper raise identical arguments in defense.  *See* Docket Nos. 77, 79, 81, & 83.  As set forth below, the undersigned Magistrate Judge finds that Defendants' motions should be granted.

---

[1] The probate case docket reflects that Kimberly Jennings was appointed personal representative of the Estate of Arnie Bell Jennings on February 10, 2022.  Sequoyah County Case No. PB-2021-77.  The Court may take judicial notice of both its own docket sheets and other state or federal court docket sheets.  *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

[2] The sole argument in support of this defense is that the documents contained in the Supplement (which was never filed with the Court) will provide "legal certainty" that Plaintiffs' fail to state a claim.  *See* Docket No. 75, p. 5.

Analysis

I.     **Subject Matter Jurisdiction**

Defendants again make passing arguments that this Court lacks subject matter jurisdiction over this matter because there is an insufficient amount in controversy due to the actual value of Ms. Jennings' estate being less than $75,000.[3]  Federal district courts are courts of limited jurisdiction.  Plaintiffs here invoke subject matter jurisdiction under diversity of citizenship under 28 U.S.C. § 1332.  *See* Docket No. 69.  In diversity, the Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss for lack of subject matter jurisdiction.[4]  "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  Defendants again appear to make a factual attack as they challenge the alleged amount in controversy,

---

[3] *See Green*, 969 F.2d at 917 (requiring courts to liberally construe a pro se litigant's pleadings); *Hall*, 935 F.2d at 1110 (a court construes a pro se party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers.").

[4] Where, as here, defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), "the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Mounkes v. Conklin*, 922 F.Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

arguing that the inventory of the state is set at less than $75,000.00. In doing so, however, Defendants ignore that Plaintiffs' claims are premised on their allegations that Ms. Jennings assets and real property were worth over $300,000 before being improperly siphoned off by the Defendants. As Defendants were previously instructed, the fact that Ms. Jennings' Estate now has only a nominal value is not the determinative issue, but instead the Court looks to the amount that Plaintiffs allege Defendants improperly took from Ms. Jennings, which is well above the jurisdictional threshold.

This Court previously noted, "[t]he rule governing dismissal for want of jurisdiction in federal court is that, unless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938), superseded by statute on other grounds; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith.") (citing *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 276 (1977)). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Adams*, 225 F.3d at 1183. "The burden is on the party asserting jurisdiction to show it is not a legal certainty that the claim is less than the jurisdictional amount." *Id*. The Tenth Circuit has explained that "it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied" and "[t]here is a strong presumption favoring the amount alleged by the plaintiff." *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216-1217

(10th Cir. 2003). Plaintiffs allege that Ms. Jennings estate had a value well above $75,000 prior to the Defendants' actions and, thus, it cannot be said to a legal certainty that the claim is less than the jurisdictional amount.

## II.     Ms. Jennings' Probate Proceeding

Defendants also argue that the Complaint should be dismissed because all the allegations in this case are "currently before the State Judge" in the Probate Proceeding. *See* Docket No. 22, p. 1. Based on the Complaint and limited information in the Motions to Dismiss, however, the undersigned Magistrate Judges again does not have sufficient information to assess Defendants' argument on this point. Although Defendants assert that all of Plaintiffs' allegations are before the Judge in the Probate Proceeding, there is no evidence of such fact before the Court. The undersigned Magistrate Judge will not search, as would be required here, the pleadings in the Probate Proceeding to construct an argument on Defendants' behalf. *See Tate v. Statco Engineering and Fabricators, Inc.*, 2013 WL 6185476, n. 4 (E.D. Okla. Nov. 25, 2013) ("[T]he parties are reminded that the Court has no duty to search the record in an attempt to locate the facts necessary to validate unsupported contentions."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting court cannot search record for facts to create an argument for a pro se litigant); *Murphy v. City of Tulsa*, 295 F. Supp. 3d 1221, 1230 (N.D. Okla. 2018) ("The court will not 'search[ ] through the record on plaintiff's behalf . . . to compile the

relevant facts.") (quoting *Stallings v. Werner Enterps., Inc.*, 598 F. Supp. 2d 1203, 1210 (D. Kan. 2009)).[5]

### III.     Failure to State a Claim

Lastly, Defendants argue that the Complaint fails to state a claim under Fed. R. Civ. P. 8, 9(b), and 12(b)(6) by alleging Plaintiffs' claims do not set forth clearly and concisely the specific allegations as to each Defendant, do not allege fraud with sufficient particularity, and that documents from the Supplement should "provide to a legal certainty that" Plaintiffs' claims fail. *See*, *e.g.*, Docket No. 81, pp. 4-5. As noted above, the parties never submitted the Supplement; in any event, consideration of extrinsic evidence likely would have transformed the motion to one for summary judgment, which the undersigned Magistrate Judge declines to do. *Dobson v. Anderson*, 319 Fed. Appx. 698, 701 (10th Cir. 2008) ("[W]hen considering a Rule 12(b)(6) motion, a court can only consider the facts alleged in the complaint.").

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an

---

[5] Although courts must liberally construe a pro se litigant's pleadings, *Green*, 969 F.2d at 917, "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *see also U.S. v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977) ("The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket.") (citing, *inter alia*, *Garrison v. Lacey*, 362 F.2d 798 (10th Cir. 1966), *cert. denied*, 387 U.S. 911 (1967)).

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-557, 570 (internal quotation marks omitted)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although "the 12(b)(6) standard does not require that Plaintiff[s] establish a prima facie case in [their] complaint, the elements of each alleged cause of action help to determine whether Plaintiff[s] ha[ve] set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

Plaintiff's first cause of action, an allegation of elder abuse, does not allege a proper jurisdictional basis. Plaintiff appears to bring this claim pursuant to Oklahoma's Protective Services for the Elderly and for Incapacitated Adults Act, 43A Okla. Stat., § 10-101 et seq.,

but this statute does not provide a private right of action. As to the second cause of action, "[f]alse imprisonment is a common-law wilful tort. The essential elements of the tort are (a) the detention of a person against his (or her) will and (b) the unlawfulness of the detention." *Walters v. J.C. Penney Co.*, 2003 OK 100, ¶ 9, 82 P.3d 578, 583 (citations omitted). Both of these causes of action allege injuries to Ms. Arnie Bell Jennings. Because neither Plaintiff is the properly appointed representative of Ms. Jennings's estate, they lack standing to assert these claims, and this Court lacks jurisdiction over them. *See Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993) ("The issue of standing is jurisdictional in nature[.] . . . One does not have standing to assert a violation of rights belonging to another, since the person entitled to a right is the only one who can be *directly* injured by its deprivation."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). These claims should therefore be dismissed.

As to Plaintiff's third cause of action, alleged only as to Kimberly Jennings, Oklahoma law defines "grand larceny" as a crime committed: (1) when property taken is valued over $1,000.00, or (2) when property not exceeding a value of $1,000.00 is taken from the person of another. 21 Okla. Stat. § 1704. "Private citizens generally have no standing to institute federal criminal proceedings." *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991); *see also Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (criminal statute did not provide private civil cause of action); *see generally, Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of

criminal law). The undersigned Magistrate Judge therefore recommends this claim be dismissed.

Plaintiffs allege in the fourth cause of action of conversion that all Defendants converted Ms. Jennings's money and assets for personal gain in order to keep her heirs from receiving them. "Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Steenbergen v. First Federal Savings and Loan of Chickasha*, 1987 OK 122 ¶ 9, 753 P.2d 1330, 1332. Pleading such "labels and conclusions" of a cause of action is not sufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678. Despite instruction from the Court, the First Amended Complaint fails to tie specific conduct to any specific defendant. Instead, the summary allegations are directed generally to the Defendants. The Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to provide each Defendant with "fair notice" by informing them of the actual grounds for the claim against each of them. Fed. R. Civ. P. 8(a)(2); *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

Even if Plaintiffs' First Amended Complaint properly set forth an allegation of conversion, Plaintiffs do not have a claim. Plaintiffs, to the extent one or both are heirs, only have a claim to Ms. Jennings's estate after her death. *Cf. In re Wilson*, 29 B.R. 254, 257 (Bankr. D. Kan. 1983) ("The assignment of the inheritance is truly a completed assignment only when the expectancy occurs. Failure of the expectancy to occur leaves the assignee without any rights."). Any future right to inherit from Ms. Jennings's estate that occurred prior to her death did not encumber Ms. Jennings's right to use her own

property and assets while she was alive. "Inheritance is something that occurs *after* the death of the parent[.]" *In re Dennen*, 539 B.R. 182, 185 (Bankr. D. Colo. 2015) (emphasis added). And as noted above, any claim regarding use or misuse of her property *prior* to her death must be brought by her estate's legally-appointed representative.

Finally, Plaintiffs allege fraud and conspiracy to commit fraud, in that Defendants withheld material information about Ms. Jennings from them as heirs and next of kin regarding her health, financial status, diminished capacity, and that they isolated her from Plaintiffs and threatened her. Plaintiffs allege "they" made themselves power of attorney in order to take her Social Security checks, took her to the bank several times a week to withdraw money to conceal their own theft of funds, and made false statements for six years while denying access to her medical and financial records.

While containing additional details, Plaintiffs' renewed allegations of fraud still do not meet the requisite particularity required by Fed. R. Civ. P. 9(b). *Matthews v. LaBarge, Inc.*, 2009 WL 3673087, at *1 n.2 (N.D. Okla. Nov. 2, 2009) ("Rule 9(b) applies to all averments of fraud. This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action."). "'Malice, intent, knowledge, and other conditions of a person's mind,' may be alleged generally." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010) (quoting Rule 9(b)). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claim and the factual background upon which they are based, and a plaintiff is required to provide the who, what, when, where and how of the alleged claims." *Id*. (citation, quotation marks, and brackets

omitted).  Furthermore, the Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to provide each Defendant with "fair notice" by informing them of the actual grounds for the claim against each of them.  Fed. R. Civ. P. 8(a)(2); *Robbins*, 519 F.3d at 1248 (10th Cir. 2008).  Again, the First Amended Complaint alleges that "Defendants" or "they" committed these acts.  The only specific allegation is that Kimberly Jennings refused to inform Plaintiffs where Ms. Jennings's last SSI check went, which is insufficient for a claim of fraud.  While Plaintiffs make concerning allegations; unfortunately, these allegations do not establish a sufficient cause of action, or their right to bring it.

Lastly, the First Amended Complaint still purports to name various unidentified defendants as Does 1-10 but makes no discernable allegations against any unnamed persons or sets forth why the identities of any unnamed alleged wrongdoers are not known to Plaintiffs.  As a result of the above deficiencies, the Complaint lacks the necessary factual allegations and a connection of the factual allegations to any asserted claims for relief to plausibly state a claim.  Moreover, Plaintiffs never attempted to identify or serve these parties, and the time for service has long since passed.  The undersigned Magistrate Judge therefore recommends that the claims against Does 1-10 be dismissed without prejudice.

Fed.R.Civ.P. 15(a)(2) provides that the "court should freely give leave when justice so requires," and that is especially true "when the plaintiff is proceeding pro se." *Panicker v. State Dept. of Agriculture,* 498 Fed. Appx. 755, 757 (10th Cir. 2012).  However, the undersigned Magistrate Judge finds that further amendment in this case would be futile.

Because Plaintiffs have repeatedly failed to state a claim for relief under a viable cause of action, any amendment to allow further claim for damages for the same actions would be futile. *See Jefferson County School Dist. No. R–1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir.1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile[.] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendants' Motions to Dismiss [Docket Nos. 75, 77, 79, 81, & 83] should be GRANTED and the case dismissed without prejudice. Any objection to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 16th day of July, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**